G. LLINAS & Co., APPELLANTS, *v.* REGISTRAR OF SAN GERMÁN,
RESPONDENT.

APPEAL from a Decision of the Registrar of Property
Refusing to Record a Mortgage Deed.

No. 274.—Decided April 28, 1916.

MORTGAGE—POWER OF ATTORNEY—COMMUNITY PROPERTY—CONJUGAL PARTNERSHIP.—In order to sell or mortgage property belonging to the conjugal partnership the husband must have express power from his wife.

ID.—ID.—COMMUNITY PROPERTY—CONSENT OF SPOUSES.—The power of attorney in this case having been given in 1897, or before the Spanish Civil Code had been amended by section 159 of the Revised Code to the effect that the alienation or encumbrance of community realty without the consent of both spouses shall be null and void, it was held that the wife could not have intended at that time to confer upon her husband power to represent her in conveying or mortgaging the community property.

The facts are stated in the opinion.
Mr. *Manuel Tous Soto* for the appellant.
The registrar appeared *pro se.*
MR. JUSTICE HUTCHISON delivered the opinion of the court.
On December 18, 1897, María de los Angeles Mariani y

Mariani, wife of José Trani y Dragoni, executed in favor of the latter a general power of attorney authorizing him, among other things, in her name and stead, first, to administer and care for all property then possessed by her or which she might acquire; second, to collect the rents and products and to do whatever a zealous and competent administrator might do; third, to sell, rent, exchange, mortgage and convey all property, rural or urban, *censos,* easements, mortgages and other real and personal rights belonging to her and which she might acquire in the future at such prices and upon such terms, time and conditions as he might deem proper, collecting and paying in cash or instalments, requiring security as to deferred payments, executing and signing to this end all proper papers with all clauses necessary to the validity thereof, and, fourth, to lend or borrow any amount whatsoever in cash or fungible things, executing mortgage obligations with such interest and upon such conditions as to him might seem advantageous.

On February 24, 1916, José María Trani y Dragoni, on his own behalf and as agent and attorney in fact of his wife, María de los Angeles Mariani y Mariani, executed a mortgage on certain community real estate.

Record of this instrument was refused for reasons stated by the registrar in his endorsement as follows:

"Admission to record of the foregoing instrument is denied as to the part of the Arvola Plantation situated in the *barrio* of Río Prieto Saliente of the municipality of Yauco, which is the only part thereof within the jurisdiction of this registry, for the reason that the said farm is not recorded in the name of the debtor, José María Trani y Dragoni, and that the latter has no special power of attorney from his wife to mortgage the ganancial property, and a cautionary notice is entered, etc."

Appellant does not discuss the ground first given and expressly waives all question in this regard, but insists that the ruling as to the sufficiency of the power of attorney must be reversed. The question is not *res nova* in this court

but was settled adversely to the contention of appellant some years ago in *López Landrón* v. *The Registrar,* 15 P. R. R. 703.

In the instant case there is the further circumstance that the power of attorney involved was executed prior to the revision of the Spanish Civil Code and the enactment of section 159 of the Revised Code forbidding and declaring void the alienation or encumbrance of community real estate without the mutual consent of both spouses. It follows that the wife could not have intended at that time to confer on the husband power to represent her in conveying or mortgaging community property.

The ruling must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.